CASE NUMBER 3:08-CV-1062-WHA

---

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

---

HUGO NERY BONILLA,

Appellant,

v.

ATR-KIM ENG FINANCIAL CORPORATION AND ATR-KIM ENG CAPITAL
PARTNERS, INC.,

Appellee.

———————————

On Appeal From
The United States Bankruptcy Court
For The Northern District of California
San Francisco Division
Adversary Proc. No. 07-3079

———————————

## APPELLANT'S OPENING BRIEF

Iain A. Macdonald
Heather A. Cutler
Reno F.R. Fernandez, III
Macdonald & Associates
221 Sansome Street
San Francisco, CA 94104
(415) 362-0449

# TABLE OF CONTENTS

Page

I.    INTRODUCTION                                                                    1

II.   STATEMENT OF THE BASIS OF APPELLATE JURISDICTION                                2

III.  STATEMENT OF THE ISSUE PRESENTED ON APPEAL                                      2

IV.   STANDARD OF APPELLATE REVIEW                                                    3

V.    STATEMENT OF THE CASE                                                           3

      A.    The Delaware Judgment                                                     4

      B.    Bankruptcy Proceedings                                                    6

            1.    Bonilla's Motion to Dismiss ATR's Fourth Claim for Relief           6

            2.    Bonilla's Motion for Reconsideration and ATR's Motion              7
                  For Summary Judgment

            3.    The Bankruptcy Court's Decisions on the Motion For                 8
                  Reconsideration and the Motion for Partial Summary
                  Judgment

VI.   ARGUMENT: THE BANKRUPTCY COURT DEPARTED FROM                                    9
      UNITED STATES SUPREME COURT AND NINTH CIRCUIT
      PRECEDENT BY HOLDING THAT DELAWARE DIRECTORS ARE
      FIDUCIARIES WITHIN THE MEANING OF 11 U.S.C. § 523(a)(4) ON
      THE GROUNDS THAT THEIR DUTIES ARE "SUBSTANTIALLY
      SIMILAR" TO THOSE OF A TRUSTEE OF AN EXPRESS OR
      TECHNICAL TRUST

      A.    Section 523(a)(4) Standards                                               9

      B.    Pursuant to *Cantrell*, Delaware Corporate Directors May Not Be          13
            Deemed Fiduciaries Under § 523(a)(4) Because Delaware Law
            Does Not Make Its Corporate Directors Trustees With Respect To
            Corporate Assets

            1.    *Cantrell* Ruled That California Directors Are Not                  13
                  "Fiduciaries" Under §523(a)(4) Because California
                  Directors Are Not Trustees With Respect to Corporate
                  Assets

2.  Like California's Corporate Directors, Delaware's          15
    Corporate Directors Are Not Trustees With Respect to
    Corporate Assets, Although That They May Become
    Trustees In Certain, Limited Circumstances

3.  The Bankruptcy Court's Reasons For Failing To Comport      19
    Its Decision With *Cantrell* Evince Failure To Give Proper
    Weight To The Relevant Authority And To Property
    Interpret Case Law

C.  The Bankruptcy Court Misconstrued *Lewis*, Which Did Not Adopt    20
    A "Substantially Similar" Test For § 523(A)(4) Purposes

    1.  *Lewis* Mirrored The Analysis In *Ragsdale v. Haller*    20

VII.  CONCLUSION                                                 22

# TABLE OF CASES

Case                                                              Page

*Bainbridge v. Stoner,*                                           14, 15, 19
    16 Cal. 2d 423 (1940)
*Bamco 18 v. Reeves (In re Reeves),*                              12
    124 B.R. 5 (Bankr. D.N.H. 1990)
*Bancroft-Whitney Co. v. Glen,*                                   14, 15
    64 Cal. 2d 327 (1966)
*Banks v. Gill Distrib. Ctrs., Inc. (In re Banks),*              9
    263 F.3d 862 (9th Cir. 2001)
*Blyler v. Hemmeter (In re Hemmeter)*                            9, 10, 11, 12, 18
    242 F.3d 1186 (9th Cir. 2001)
*Bodell v. General Gas & Electric Corp,*                          19
    132 A. 442 (Del. Ch. 1926)
*Bovay v. H.M. Byllesby & Co.,*                                   15, 16, 19
    27 Del. Ch. 381, 38 A. 2d 808 (Del. 1944)
*Bovay v. H.M. Byllesby & Co.,*                                   16
    27 Del. Ch. 33, 29 A. 2d 801 (Del. Ch. 1943)
*Boyle v. Abilene Lumber Inc.,*                                   12
    819 F.2d 583, 587-88 (5th Cir. 1987)
*Cal-Micro, Inc. v. Cantrell (In re Cantrell),*                   10, 13
    329 F.3d 1119 (9th Cir. 2003)
*Caremark, Int'l, Inc. Deriv. Litig.,*                            5, 17, 18
    698 A.2d 959 (Del. Ch. 1996)
*Corman v. Morgan (In re Morgan),*                                3
    197 B.R. 892 (N.D. Cal. 1996)
*Decker v. Mitchell (In re JTS Corp.),*                           16
    305 B.R. 529 (Bankr. N.D. Cal. 2003)
*Farmers' and Merchants' Bank of LA v. Downey,*                   15
    53 Cal. 466 (1879)
*Gab Bus. Servs. V. Lindsey & Newsom Claim Servs.,*               14
    83 Cal. App. 4th 409 (2004)
*Grogan v. Garner,*                                               9
    498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)
*Guth v. Loft, Inc.,*                                             17
    5 A.2d 503 (Del. 1939)
*In Re Littleton,*                                                10
    106 B.R. 632 (9th Cir. BAP 1989)
*Interactive Multimeda Artists, Inc. v. Superior Court,*          15
    62 Cal. App. 4th 1546 (1998)
*Lewis v. Scott (In re Lewis),*                                   9, 10, 13, 20, 21
    97 F.3d 1182 (9th Cir. 1996)
*Lovell v. Stanifer (In re Stanifer),*                            21
    236 B.R. 709 (B.A.P. 9th Cir. 1999)
*Miramar Resources, Inc. v. Arthur C. Shultz (In re Arthur Schultz),*  16
    208 B.R. 723 (Bankr. M.D. Fl. 1997)

*Miramar Resources, Inc. v. Zachary L. Schultz,*
  *(In re Zachary Schultz),*
    205 B.R. 952 (Bankr. N.M. 1997) .................................................. 16
*North American Catholic Educational Programming*
  *Foundation v. Gheewalla,*
    930 A.2d 92 (Del. 2007) .................................................. 19
*Otto v. Niles (In re Niles),*
    106 F.3d 1456 (9th Cir. 1997) .................................................. 12
*Parker v. Community First Bank (In re Bakersfield Westar*
  *Ambulance, Inc.),*
    123 F.3d 1242 (9th Cir. 1997) .................................................. 3
*Paulman v. Gateway Venture Partners III, LP,*
    163 F.3d 570 (9th Cir. 1998) .................................................. 2
*Poor v. Yarnett,*
    28 Cal. App. 714 (1915) .................................................. 15
*Prof'l Hockey Corp. v. World Hockey Ass'n.,*
    143 Cal. App. 3d 410 (1983) .................................................. 17
*Ragsdale v. Haller (In re Ragsdale),*
    780 F.2d 794 (9th Cir. 1986) .................................................. 10, 11, 13, 18, 20, 21
*Runnion v. Pedrazzini (In re Padrazzini),*
    644 F.2d 756 (9th Cir. 1981) .................................................. 10
*Schlecht v. Thornton (In re Thornton),*
    544 F.2d 1005 (9th Cir. 1976) .................................................. 10
*Schoon v. Smith,*
    2008 WL 375826 (Del. 2008) .................................................. 16
*Spinoso v. Heilman (In re Heilman),*
    241 B.R. 137 (Bankr. Md. 1999) .................................................. 12
*Stephens v. Bigelow (In re Bigelow),*
    271 B.R. 178 (B.A.P. 9th Cir. 2001) .................................................. 11
*Stone v. Ritter,*
    911 A.2d 362 (Del. 2006) .................................................. 5, 17
*Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n.,*
    322 F.3d 1039 (9th Cir. 202) .................................................. 3
*Woodworking Enterprises, Inc. v. Baird (In re Baird),*
    114 B.R. 198 (B.A.P. 9th Cir. 1990) .................................................. 11, 18

# TABLE OF STATUTES AND AUTHORITIES

| | |
|---|---|
| 11 U.S.C. § 523(a)(4) | 1 |
| 28 U.S.C. § 1292 | 2 |
| 28 U.S.C. § 158(a) | 2 |
| Federal Rule of Bankruptcy Procedure 8002(a) | 2 |
| H.R. Rep. No. 595, 95th Cong., 1st Sess., at 364, reprinted in | 12 |
|     1978 U.S.C.C.A.N. 6300 | |

## I. INTRODUCTION

This is an appeal from the bankruptcy court's ruling that Appellant Hugo Nery Bonilla's $24.5 million debt to Appellees ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. (collectively, "ATR") is nondischargeable under 11 U.S.C. § 523(a)(4), which denies discharge of debt incurred by "fraud or defalcation while acting in a fiduciary capacity." The United States Supreme Court and the Ninth Circuit Court of Appeals limit the term "fiduciary" under § 523(a)(4) to a debtor who was a fiduciary pursuant an "express or technical trust." The Appellant submits that the bankruptcy court erred by dismissing this traditional test as "reliant on formalistic taxonomy," and fashioned a definition of "fiduciary" to include a debtor impressed with fiduciary duties "substantially similar to those of a trustee of an express or technical trust." The court felt this to be appropriate as a "functional, interest-based approach."

The court also erred by holding that, as the director of a Delaware corporation, Bonilla was a fiduciary under § 523(a)(4). But Delaware law holds that corporate directors are *not* trustees of the assets of the corporation, consistent with California law, which holds that its own corporate directors are not trustees of the assets of the corporation.

The bankruptcy court decision creates liability which Congress never intended to fall within the parameters of § 523(a)(4). The original intent of § 523(a)(4) was to punish a fiduciary who engaged in active misconduct with respect to property held in trust for another. Admittedly, as the director of a Delaware corporation, the debtor owed fiduciary duties to the corporation's shareholders and to the corporation. But, under Delaware law,

he was not a trustee with respect to the corporation's property. Thus, the court should have found the debt to be dischargeable.

## II. STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

The bankruptcy court entered the Order Denying Defendant's Motion For Reconsideration And Granting Plaintiffs' Motion For Summary Judgment On Fourth Cause Of Action and certified the Partial Summary Judgment On Fourth Cause Of Action And Rule 54(b) Certification on January 2, 2008. Appellant's Excerpts of Record ("ER") at (Tab: Page Number) 18:1 and 19:1. Accordingly, both the Order and the Partial Summary Judgment are final and may be appealed under 28 U.S.C. § 1292. This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). *Paulman v. Gateway Venture Partners III, LP et al.*, 163 F.3d 570, 576 (9th Cir. 1998).

A notice of appeal was timely filed pursuant to Federal Rule of Bankruptcy Procedure 8002(a) on January 9, 2008. ER 10:1. The appeal was referred to the Bankruptcy Appellate Panel, which the debtor believed was appropriate because of the Bankruptcy Appellate Panel's extensive familiarity with dischargeability issues. But on January 29, 2008, Appellee ATR filed a statement of election to have the appeal heard by the district court.

## III. STATEMENT OF THE ISSUE PRESENTED ON APPEAL

Does the definition of "fiduciary" under 11 U.S.C. § 523(a)(4) include one who is not the trustee of the property of another but, rather, duties are "substantially similar" to those of a trustee of an express or technical trust?

Does the director of a Delaware corporation hold corporate assets pursuant to an express or technical trust?

2

## IV. STANDARD OF APPELLATE REVIEW

"The district court reviews a bankruptcy court order granting summary judgment de novo." *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002), citing *Parker v. Community First Bank (In re Bakersfield Westar Ambulance, Inc.)*, 123 F.3d 1243, 1245 (9th Cir. 1997) and *Corman v. Morgan (In re Morgan)*, 197 B.R. 892, 895 (N.D. Cal. 1996).

## V. STATEMENT OF THE CASE

This is an 11 U.S.C. § 523(a)(4) action commenced by ATR's filing of a complaint against the debtor alleging that its judgment, entered in *ATR-Kim Eng Financial Corporation and ATR-Kim Eng Capital Partners, Inc. v. Carlos R. Araneta, et al.*, Delaware Court of Chancery No. ICV.A. 489-A ("the Delaware Judgment")(ER 1 at Ex. A) in the amount of $24,981,069.66, is non-dischargeable. ER 1:13-14. ATR had sued in Delaware as the minority shareholder of the Delaware Holding Company, a Delaware corporation, primarily to obtain relief against the majority and controlling shareholder and director, Carlos Araneta, who had looted the company. ER 1 at Ex. A, pp. 1-2. ATR's suit also named as defendants the other two directors, Bonilla and Liza Berenguer, alleging that they failed to take steps to monitor Araneta and to prevent his self-dealing. ER 1 at Ex. A, p.1.

ATR's bankruptcy court complaint alleged that as a director of Delaware Holding Company, Bonilla "stood in the position of a trustee for the shareholders of the Delaware Holding Company, including ATR." ER 1:13. ATR further alleged that Bonilla breached his fiduciary duty to safeguard the value of the Delaware Holding Company's assets by failing to prevent Carlos Araneta, the majority shareholder and director of the Delaware Holding Company, from removing the Delaware Holding Company's assets

3

and by failing to take steps to protect ATR's interest as the minority shareholder. ER 1:13. However, ATR did not allege that as a corporate director, Bonilla was a fiduciary pursuant to an express or technical trust, or that Bonilla was a trustee with respect to the assets of the Delaware Holding Company's assets. ER 1:13-14.

A.    The Delaware Judgment

The Delaware Chancery Court's pertinent findings and rulings are as follows:

In 2003, apparently in response to a rift that had developed between Araneta and ATR's chairman, Ramon Arnaiz, Araneta transferred most of the assets of the Delaware Holding Company to his family members for no consideration, resulting in a *de facto* liquidation of the business, and thereafter engaging in numerous breaches of fiduciary duty to ATR and the corporation. ER 1 at Ex. A, p.5-8. First and foremost, by using his "majority control and effective dominion over the Delaware Holding Company and its board of directors" to liquidate the corporate assets to enrich his family at the corporation's expense, Araneta intended to harm ATR and was thus liable to ATR for breach of his fiduciary duty of loyalty. ER 1 at Ex. A, p. 19. Further, Araneta was held liable for breach of duty to ATR for his conduct in knowingly disclosing false information to ATR regarding the Delaware Holding Company, including false financial statements. ER 1 at Ex. A, pp. 2, 19-21. The Delaware Chancery Court also found that Araneta had placed one of his administrative employees at risk by implicating her in his wrongdoing in order to avoid accountability. ER 1 at Ex. A at pp. 2, 8-11. Finally, the Delaware Chancery Court found that Araneta sought to obstruct ATR's suit against him by refusing to produce discovery and further, that Araneta manifested "a shamelessness about telling lies so extreme as to make it impossible to address all of [his] numerous

4

false statements and assertions." ER at Ex. A at p. 2.

With respect to the liability of Bonilla and Berenguer, the Chancery Court found this issue to be "challenging" because ATR did not allege that they "participated in, approved of, or directly profited from Araneta's removal of the LBC Operating Companies." Compl. at Ex. A, p. 21. Rather, ATR asserted that they "consciously breached the important duties articulated in this court's *Caremark* decision and recently reaffirmed by our Supreme Court in *Stone v. Ritter*." ER 1 at Ex. A, p.21 (citing *Caremark, Int'l, Inc. Deriv. Litig.*, 698 A.2d 959 (Del. Ch. 1996) and *Stone v. Ritter*, 911 A.2d 362 (Del. 2006)). The court held, after finding that the directors failed to comply with their duties, pursuant to *Caremark*, to "monitor the potential that others within the organization will violate their duties," and to try "'in good faith to assure that a corporate information and reporting system, which the board considers to be adequate, exists'", that the directors were liable for breach of fiduciary duty. ER 1 at Ex. A, p.22.

It must be stressed that the Delaware Chancery Court did not rule that the directors were trustees of an express or technical trust. ER 1 at Ex. A, pp. 21-23. Nor did it rule that the directors had possession of or dominion over the corporate property, or that they borrowed or used the corporate property. ER 1 at Ex. A, pp. 21-23. Further, the Court did not rule that the directors had specific duties to manage the corporation's property. ER 1 at Ex. A, pp. 21-23.

The court awarded ATR $3.922 million plus pre-judgment interest (ER 1 at Ex. A, p.24), stating that:

> All of the defendants will be jointly and severally liable for the amount of the judgment. Nonetheless, I find that in any action as between Araneta, on the one hand, and Bonilla and Berenguer, on the other, Araneta should be deemed responsible to pay the entire judgment. In other words, to the extent it is later

5

important, if Bonilla and Berenguer pay any or all of the judgment, Araneta should be required to make them whole, to the extent that it is consistent with applicable law.

ER 1 at Ex. A, p.25.

In considering ATR's request for attorneys' fees, the court stated that fees are only awarded in exceptional circumstances, including "fraud, bad faith, or other outrageous conduct from which the claim arose and bad faith behavior in the course of subsequent litigation." ER 1 at Ex. A, p.25. Finding that Araneta's bad faith was pervasive prior to and during the litigation, the court ruled that Araneta must pay ATR's attorneys' fees and expenses and "to bear any additional attorneys' fees and expenses ATR is forced to bear in seeking to collect on this judgment." ER 1 at Ex. A, p.25-26. But the Court refused to hold Bonilla liable for the fee-shifting award after finding that Bonilla did "not engage[] in conduct that satisfies the exacting bad faith standard required for fee shifting". ER 1 at Ex. A, p.26.

B.    Bankruptcy Proceedings

Four months after the Delaware Chancery Court entered its judgment, Bonilla filed chapter 7 bankruptcy. Bonilla has been employed for 20 years by LBC Holdings, U.S.A. Corporation and LBC Mundial Corporation, businesses engaged in money remittance and cargo shipment. His monthly net income of $7,498 supports his large family, and is barely enough to cover his family's monthly expenses, and thus, ATR's $24.5 million judgment far exceeded the amount that he could ever be expected pay.

Subsequently, ATR filed the underlying adversary proceeding. ER 1:1.

1.    *Bonilla's Motion To Dismiss ATR's Fourth Claim For Relief*

On August 31, 2007, Bonilla filed a motion to dismiss ATR's fourth claim for relief, on the grounds that it failed to state a claim upon which relief may be granted

6

under § 523(a)(4) because ATR did not and could not set forth facts that Bonilla was a fiduciary pursuant to an express trust or technical trust. ER 2:1, 8-16. Specifically, Bonilla's duties to ATR as a corporate director fell within the realm of the broad and general definition of a fiduciary, which are inapplicable to the dischargeability context and which are not sufficient to support a § 523(a)(4) claim. ER 2:1, 8-16.

The court issued a tentative ruling granting Bonilla's motion to dismiss on the grounds that "under Delaware law directors are not trustees of an express or technical trust." ER 6-1. Further, "there is no technical trust because the directors do not hold title to the property of the corporation." ER 6:2.

Thereafter, the court issued a Memorandum Re Defendant's Rule 12(b)(6) Motion, reversing its tentative ruling and denying Bonilla's motion to dismiss. ER 7:1. The court held that, as a Delaware corporate director, Bonilla was a "fiduciary" within the meaning of § 523(a)(4). ER 7:5. Although Delaware directors "are not trustees in the strict sense, because they do not directly hold legal title for a beneficial owner", they nonetheless "occupy a trust-like position". ER 7:4. Further, under § 523(a)(4), the definition of "fiduciary" includes those debtors whose duties were "substantially similar to those imposed on the trustee of an express or technical trust." ER 7:4-6. The court also found that pursuant to the Delaware Judgment, Bonilla was held liable for "the type of failure to account for trust property that has traditionally been the hallmark of defalcation." ER 7:6.

     2.    *Bonilla's Motion For Reconsideration And ATR's Motion For Summary Judgment*

ATR moved for summary judgment on its fourth claim for relief on the grounds that pursuant to the court's Memorandum re Defendant's Rule 12(b)(6) Motion, ATR has

established that Bonilla is a "fiduciary" under § 523(a)(4)(ER 9:11-15) and the findings

of the Delaware Chancery Court preclude the court from relitigating the issue of whether

Bonilla is liable under § 523(a)(4)( ER 9:15-18). Simultaneously, Bonilla moved for

reconsideration of the bankruptcy court's order. ER 8.

> 3.    *The Bankruptcy Court's Decisions On The Motion For*
> *Reconsideration And The Motion For Partial Summary Judgment*

On December 14, 2007, the parties appeared before the court on Bonilla's Motion

for Reconsideration and on ATR's Motion for Summary Judgment. ER 22. Judge

Carlson ruled from the bench that he would deny the motion for reconsideration and grant

the motion for summary judgment and that his written decision would invite the appellate

court to "go beyond the rubric" and "sterile taxonomy", and to instead adopt a

"functional approach." ER 22:2-5, 10-11. Judge Carlson also stated that one of the

problems courts have in identifying whether the debtor is a trustee under § 523(a)(4) is

that:

> [Th]e essence of ... defalcation by a trustee is receiving property under
> instructions and losing it because you didn't follow the instructions. For instance,
> if you're given – if the property is put in a trust and you're supposed to invest in
> utilities and you buy uranium stocks and you lose, you've violated instructions.
> It's very different from buying the wrong utility stock. ... And so I think they
> have to know that they're charged with taking care of property, that they have all
> these duties, that they're handling it for another, and that they have the highest
> duty of care and loyalty, and they have to know what the instructions are. And so
> I think that's the essence of it. ... I think directors know very, very clearly that
> they have fiduciary duties. They know very clearly that what they're charged
> with is the care and management of corporate property.

ER 22:8-9.

On December 17, 2007, the court issued its Memorandum Re Defendant's Motion

For Reconsideration And Plaintiffs' Motion For Summary Judgment. ER 17. On

January 2, 2008, the bankruptcy court issued its Order Denying Defendant's Motion For

Reconsideration And Granting Plaintiffs' Motion For Summary Judgment On Fourth

Cause Of Action. ER 18. The court also entered its Partial Summary Judgment On

Fourth Cause Of Action And Rule 54(B) Certification. ER 19.

4. *The Notice Of Appeal*

On January 9, 2008, Bonilla filed a notice of appeal of the order granting ATR's

motion for partial summary judgment, and denying Bonilla's motion for reconsideration.

ER 20.

### VI. ARGUMENT: THE BANKRUPTCY COURT DEPARTED FROM UNITED STATES SUPREME COURT AND NINTH CIRCUIT PRECEDENT BY HOLDING THAT DELAWARE DIRECTORS ARE FIDUCIARIES WITHIN THE MEANING OF 11 U.S.C. § 523(A)(4) ON THE GROUNDS THAT THEIR DUTIES ARE "SUBSTANTIALLY SIMILAR" TO THOSE OF A TRUSTEE OF AN EXPRESS OR TECHNICAL TRUST

A.    Section 523(a)(4) Standards

11 U.S.C. § 523(a)(4) denies discharge of debt which was incurred as a result of

"fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11

U.S.C. § 523(a)(4). The plaintiff in a nondischargeability proceeding bears the burden of

proving all elements of the claim by a preponderance of the evidence. *Grogan v. Garner*,

498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *In re Littleton*, 106 B.R. 632,

634 (9th Cir. BAP 1989).

Federal law determines whether a person is a fiduciary under § 523(a)(4), and the

Ninth Circuit limits the scope of the term "fiduciary" narrowly to include only a fiduciary

who was "a trustee in the strict or narrow sense through an expressed or technical trust."

*Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 871 (9th Cir. 2001); *Blyler*

*v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1189 (9th Cir. 2001), citing *In re Lewis*,

97 F.3d 1182, 1185 (9th Cir. 1996); *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir.

2003)(the Ninth Circuit has "adopted a narrow definition of 'fiduciary' for purposes of §

523(a)(4)."). However, "the broad, general definition of fiduciary--a relationship

involving confidence, trust and good faith--is inapplicable in the dischargeability

context." *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir. 1986). Further, "the fiduciary

relationship must be one arising from an express or technical trust that was imposed

before and without reference to the wrongdoing that caused the debt." *In re Lewis,* 97

F.3d 1182, 1185.

Bankruptcy law has included the fiduciary discharge exception since 1841, and

courts have since consistently excluded trusts *ex maleficio* from the definition of

"fiduciary." *In re Hemmeter,* 242 F.3d 1186, 1189, citing *Davis v. Aetna Corp.,* 293 U.S.

328, 333, 79 L. Ed. 393, 55 S. Ct. 151 (1934); *Chapman v. Forsyth,* 43 U.S. 202, 2 HOW

202, 208, 11 L. Ed. 236 (1844). The Ninth Circuit has adhered to this precedent by

"refusing to deny discharge to those whose fiduciary duties were established by

constructive, resulting and implied trusts." *In re Hemmeter,* 242 F.3d 1186, 1189-90,

citing *Runnion v. Pedrazzini (In re Padrazzini),* 644 F.2d 756, 758 (9th Cir. 1981);

*Schlecht v. Thornton (In re Thornton),* 544 F.2d 1005, 1007 (9th Cir. 1976).

Ninth Circuit precedent also mandates that § 523(a)(4) applies only to those

fiduciaries who were imposed with specific trust duties with respect to another person or

entity's property. For example, in *Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d

1119, 1126 (9th Cir. 2003), the Ninth Circuit ruled that California corporate officers and

directors are not fiduciaries under § 523(a)(4) because under California law, although

officers and directors "are imbued with the fiduciary duties of an agent and certain duties

of a trustee, they are not trustees with respect to corporate assets." *Id.* As a second

example, in *Woodworking Enterprises, Inc. v. Baird (In re Baird)*, 114 B.R. 198, 202-03 (B.A.P. 9th Cir. 1990), the court compared state laws providing that certain funds paid to a contractor are deemed to be held in trust for the benefit of persons furnishing labor and materials, and ruled that pursuant to a similar Arizona law, which "creates a trust in favor of those persons who furnish the labor and materials ... and expressly prohibits the diversion or use of the funds for any purpose other than to satisfy the claims of those for whom the trust is created", contractors are "fiduciaries" under § 523(a)(4). As a second example, in *Stephens v. Bigelow (In re Bigelow)*, 271 B.R. 178, 187-88 (B.A.P. 9th Cir. 2001), the court held that although attorneys are imposed with heightened fiduciary duties to their clients, they are only fiduciaries under § 523(a)(4) when client "trust funds" are implicated. The *Bigelow* court analyzed the terms under which the debtor attorney received the $15,000 retainer, and held that the debtor attorney was not liable under § 523(a)(4) because the funds were a nonrefundable prepaid retainer, and not client "trust funds". *Id.*

In contrast, *Ragsdale v. Haller (In re Ragsdale)*, 780 F.2d 794, 796 (9th Cir. 1986), held that California's business partners are fiduciaries to each other under § 523(a)(4) because California law makes partners trustees over the partnership's assets. Another case in which the court found that the debtor qualified as a "fiduciary" under § 523(a)(4) is *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir. 2001), which held that fiduciaries under the Employee Retirement Income Security Act of 1974 ("ERISA") are fiduciaries under § 523(a)(4) because ERISA gives fiduciaries discretionary authority or control over the assets of ERISA plans. Further, "the trust res is identified by the creation of the plan itself" and "ERISA also defines the fiduciary's

11

fund management duties." *Hemmeter*, 242 F.3d 1186, 1190. *See also Otto v. Niles (In re Niles)*, 106 F.3d 1456 (9th Cir. 1997)(real estate broker who collected rents for the plaintiffs and was required to either pay the funds to the plaintiffs or to hold the funds in a trust account was deemed to be a fiduciary under § 523(a)(4)).

The history and congressional intent of § 523(a)(4) prove that § 523(a)(4) was intended to apply only to debts which were "incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." *Boyle v. Abilene Lumber, Inc.*, 819 F.2d 583, 587-88 (5th Cir. 1987).

> The intent [of § 523(a)(4)] is to include in the category of non-dischargeable debts a conversion under which the debtor willfully and maliciously intends to borrow property for a short period of time with no intent to inflict injury but on which injury is in fact inflicted.

> H.R. Rep. No. 595, 95th Cong., 1st Sess., at 364, *reprinted in* 1978 U.S.C.C.A.N. 6300.

Further,

> "§ 523(a)(4) is aimed only at the express trust situation in which the debtor either expressly signified his intention at the outset of the transaction, or was clearly put on notice by some document in existence at the outset, that he was undertaking the special responsibilities of a trustee to account for his actions over and above the normal obligations that contracting parties have to each other in a commercial transaction."

*Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137, 160 (Bankr. Md. 1999), citing *Bamco 18 v. Reeves (in re Reeves)*, 124 B.R. 5, 10 (Bankr. D. N.H. 1990).

12

B.  Pursuant to *Cantrell*, Delaware Corporate Directors May Not Be Deemed Fiduciaries Under § 523(a)(4) Because Delaware Law Does Not Make Its Corporate Directors Trustees With Respect To Corporate Assets

In adopting the broader "substantially similar" test, the bankruptcy court relied upon *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182 (9th Cir. 1996). Ironically, had the court correctly analyzed *Lewis* – which ruled that under Arizona law, partners are fiduciaries to each other under § 523(a)(4) – the court would have instead followed *Cantrell*'s analysis. This is because what *Lewis*, which is discussed in detail at *infra* at VI.C, sought to accomplish was to mirror the analysis applied in the Ninth Circuit's most recent decision pertaining to whether partners are fiduciaries to each other with the meaning of § 523(a)(4), namely, *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986)(ruling that under California law, partners are fiduciaries to each other under § 523(a)(4)). Likewise, the court should have looked to the Ninth Circuit's most recent decision pertaining to whether corporate officers and directors are fiduciaries under § 523(a)(4), namely, *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119,1125 (9th Cir. 2003), and mirrored the analysis set forth in that decision. Had the bankruptcy court done so, it would have reached a different conclusion.

1.  *Cantrell Ruled That California Directors Are Not "Fiduciaries" Under § 523(A)(4) Because California Directors Are Not Trustees With Respect To Corporate Assets*

In *Cantrell*, the court initially noted that courts rely in part on state law "to ascertain whether the requisite trust exists." *Cantrell*, at 1125. Because the dispute in *Cantrell* pertained to whether the defendant, a California corporate officer, was liable under § 523(a)(4), the *Cantrell* court reviewed California law to determine whether

13

California officers and directors are impressed with fiduciary duties pursuant to an
express or technical trust. *Id.*, at 1126.

First, the *Cantrell* court addressed the plaintiff's argument that under California
law, corporate officers and directors are fiduciaries of the corporation. *Id.* For example,
Cantrell cited *Gab Bus. Servs. v. Lindsey & Newsom Claim Servs.* (2000) 83 Cal.App. 4th
409, 417 (overruled on other grounds, see *Reeves v. Hanlon* (2004) 33 Cal. 4th 1140,
1154), which states that under California law, although corporate directors are technically
not trustees, they:

> 'stand in a fiduciary relation to the corporation and its stockholders. A public
> policy, existing throughout the years, derived from a profound knowledge of
> human characteristics and motives, has established a rule that demands of a
> corporate officer or director, peremptorily and inexorably, the most scrupulous
> observance of his duty, not only affirmatively to protect the interests of the
> corporation committed to his charge, but also to refrain from doing anything that
> would work injury to the corporation, or to deprive it of profit or advantage which
> his skill and ability might properly bring to it, or to enable it to make in the
> reasonable and lawful exercise of its powers.'

*Gab Bus. Servs. v. Lindsey & Newsom Claim Servs.*, 83 Cal.App. 4th 409, 417,

citing *Bancroft-Whitney Co. v. Glen* (1966) 64 Cal. 2d 327, 345. The *Cantrell* court ruled
that "these cases merely specify that officers owe fiduciary duties in their capacity as
agents of a corporation; they fail to hold that officers are trustees of a statutory trust with
respect to corporate assets." *Id.*

Next, *Cantrell* addressed two rulings from the California Supreme Court:
*Bainbridge v. Stoner* (1940) 16 Cal. 2d 423 and *Bancroft-Whitney Co. v. Glen* (1966) 64
Cal. 2d 327. *Cantrell* at 1126. According to *Bainbridge*, although directors are
fiduciaries and they may not secure personal advantages with respect to the corporation
or its shareholders, "strictly speaking, the relationship is not one of trust, but of agency."

14

*Cantrell* at 1126, citing *Bainbridge v. Stoner*, 16 Cal. 2d 423. And under *Bancroft-Whitney Co.*, corporate directors and officers are "technically not trustees." *Cantrell* at 1126, citing *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327. Based on these two cases, *Cantrell* concluded that California law specifies that officers and directors "are imbued with the fiduciary duties of an agent and certain duties of a trustee, [but] they are not trustees with respect to corporate assets." *Cantrell* at 1126, italics.

*Cantrell* also distinguished several California cases stating that directors are trustees. *Id.* at 1126 n.4, 1128. First, *Interactive Multimedia Artists, Inc. v. Superior Court*, 62 Cal. App. 4th 1546 (1998), which held that corporate directors' fiduciary duties are based on "powers in trust," is inapplicable because "this language is ambiguous and could simply mean that directors and controlling shareholders have a general fiduciary duty to act fairly with respect to corporate matters." *Cantrell*, at 1126 n.4. Further, *Interactive Multimedia* did not mention *Bainbridge* and it is not likely that the *Interactive Multimedia* court intended to contradict the state's highest court. *Id.* Next, Cantrell refused to consider case law entered prior to *Bainbridge* because "the California Supreme Court's unambiguous holding in *Bainbridge* that directors and officers are not trustees with respect to corporate assets is the precedent that we must follow." *Id.*, citing *Poor v. Yarnett* (1915) 28 Cal.App. 714 and *Farmers' and Merchants' Bank of LA v. Downey* (1879) 53 Cal. 466, 468.

> 2. *Like California's Corporate Directors, Delaware's Corporate Directors Are Not Trustees With Respect To Corporate Assets, Although That They May Become Trustees In Certain, Limited Circumstances*

Like the California Supreme Court, the Delaware Supreme Court has held, in *Bovay v. H.M. Byllesby & Co.*, 27 Del.Ch. 381, 38 A.2d 808, 813 (Del. 1944), that

15

Delaware corporate directors are not trustees "in a strict and technical sense, in all their relations with the corporation, its stockholders and creditors." *Bovay v. H.M. Byllesby & Co.*, 38 A.2d 808, 813; *Miramar Resources, Inc. v. Arthur C. Shultz (In re Arthur Shultz)*, 208 B.R. 723, 728-29 (Bankr. M.D. Fl. 1997)("Defendant's position as a [Delaware corporate] directors does not *per se* make him a trustee to the corporation"); *but see Miramar Resources, Inc. v. Zachary L. Shultz (In re Zachary Shultz)*, 205 B.R. 952 (Bankr. N.M. 1997)(while this court ruled that Delaware directors are "fiduciaries" under § 523(a)(4), it ignored *Bovay* and focused on whether "trust-like" duties were imposed prior to wrongdoing, rather than on whether directors are trustees of the corporate assets). Undoubtedly, the court may impose a constructive trust in limited circumstances, such as when the directors have profited from their breaches of duty. *Bovay*, at 813; *Decker v. Mitchell (In re JTS Corp.)*, 305 B.R. 529, 536-40 (Bankr. N.D. Cal. 2003)(reviewing and analyzing Delaware directors' duties pursuant to the Delaware trust fund doctrine and the insolvency exception).

Quite recently, the Delaware Supreme Court confirmed that directors' fiduciary duties "stem in part from the quasi-trustee and agency relationship directors have to the corporation and stockholders that they serve." *Schoon v. Smith*, ___ A.2d ___, 2008 WL 375826 (Del. 2008), citing *Guth v. Loft, Inc.*, 5 A.2d 503 (Del. 1939)("While technically not trustees, [directors] stand in a fiduciary relation to the corporation and its stockholders"). Other Delaware case law holds that:

> [Officers and directors] ... are not real trustees. ... They do not hold the legal title to the corporate property. ... They occupy a position of extreme trust and confidence toward all interested parties and exercise great powers in managing corporate affairs, but they are not trustees of an express trust in the true sense of that term.

*Bovay v. H.M. Byllesby & Co.*, 27 Del.Ch. 33, 29 A.2d 801, 804 (Del. Ch. 1943).

Clearly then, under Delaware and California law, directors have a fiduciary

relationship (which is sometimes described as quasi-trustee or agency), but they are not

trustees with respect to corporate assets. Indeed,

> Delaware law adopts, as has California, the concept of the directors and/or
> trustees fiduciary duty (*Guth* v. *Loft, Inc.* (1939) 23 Del.Ch. 255, 5 A.2d 503),
> including the duties of obedience, diligence and loyalty. Directors owe such duty
> in the management of corporate affairs. In performance of their official duties
> directors are under obligations of trust and confidence to the corporation and its
> stockholders. Directors must act in good faith for the interests of the corporation
> or its stockholders with due care and diligence and within the bounds of their
> authority. It is the duty of the director to see that a corporation keeps within its
> corporate powers and obeys the laws. (19 Am.Jur.2d Corporations, § 1271, p.
> 677.) Under both California and Delaware law the duty of loyalty requires the
> directors/trustees not to act in their own self-interest when the interest of their
> corporation will be damaged thereby.

*Prof'l Hockey Corp. v. World Hockey Ass'n* (1983) 143 Cal. App. 3d 410, 414.

Moreover, contrary to the bankruptcy court's assertions (ER 7:6, 22:8-9), the

fiduciary duty imposed on directors under *Caremark, Int'l, Inc. Deriv. Litig.*, 698 A.2d

959 (Del. Ch. 1996) and *Stone v. Ritter*, 911 A.2d 362 (Del. 2006), which the Delaware

Chancery Court found breached by Bonilla, does not impose a trustee relationship on

Delaware directors and does not equate to a duty to account for the corporate assets. This

is because *Caremark* does not hold that directors are trustees with respect to the

corporation's assets, but instead imposes a more general fiduciary to discharge their

oversight responsibilities in order to detect potential violations of law or corporate policy.

*Stone v. Ritter*, 911 A.2d 362, 367. As stated in *Caremark*:

> [A] director's obligation includes a duty to attempt in good faith to assure that a
> corporate information and reporting system, which the board concludes is
> adequate, exists, and that failure to do so under some circumstances may, in
> theory at least, render a director liable for losses caused by non-compliance with
> applicable legal standards.

17

*Caremark, Int'l, Inc. Deriv. Litig.*, 698 A.2d 959, 967-70.  This language does not raise the director to the level of a § 523(a)(4) "fiduciary".  Unlike Ninth Circuit cases finding the required fiduciary relationship, *Caremark* does not state that directors are trustees, does not identify the corporate assets as the trust *res*, and in fact, does not mention the term "trust" anywhere in its decision.  *Cf. Ragsdale v. Haller (In re Ragsdale)*, 780 F.2d 794, 796 (9th Cir. 1986)(California law holds that business partners are trustees over the partnership's assets); *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir. 2001)(the federal Employee Retirement Income Security Act of 1974 ("ERISA") gives ERISA fiduciaries discretionary control over ERISA plan funds and defines the fiduciary's fund management duties); *Woodworking Enterprises, Inc. v. Baird (In re Baird)*, 114 B.R. 198, 202-03 (B.A.P. 9th Cir. 1990)(Arizona statute regarding funds paid to a contractor "creates a trust in favor of those persons who furnish the labor and materials ... and expressly prohibits the diversion or use of the funds for any purpose other than to satisfy the claims of those for whom the trust is created").

It is also notable that *Caremark*'s rulings limiting the scope of directors' liability to monitor are inconsistent with a holding that directors are trustees of the corporate assets.  In particular, *Caremark* ruled that directors are not liable for corporate losses as a result of wrongdoing which the directors failed to detect under an adequate reporting system, and in fact, are only liable if the directors systematically fail in good faith to exercise reasonable oversight.  *Caremark* at 970-71.  Further, in contrast with a trustee's fiduciary duty concerning trust assets, directors' "duty to act in good faith to be informed cannot be thought to require directors to possess detailed information about all aspects of the operation of the enterprise." *Id.* at 971.

3.    *The Bankruptcy Court's Reasons For Failing To Comport Its Decision With Cantrell Evince Failure To Give Proper Weight To The Relevant Authority And To Properly Interpret Case Law*

The cases relied upon by the bankruptcy court to support its view that Delaware law imposes "trust-like duties" on its directors (ER 17:2-3) are distinguishable for the same reasons that the *Cantrell* court distinguished identical California case law from *Bainbridge*. *Cantrell* at 1126 n.4. First, *Bodell v. General Gas & Electric Corp.*, 132 A. 442, 447 (Del. Ch. 1926) not only pre-dated *Bovay*, but was issued by a lower court than *Bovay*, namely, the Delaware Chancery Court. Thus, the bankruptcy court was bound by the later and unambiguous decision from Delaware's highest court in *Bovay*. *See Cantrell*, at 1126 n.4. The court's failure to give proper weight to *Bovay* is reversible error.

Second, contrary to the bankruptcy court's assertion, *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 101-02 (Del. 2007) is not on point. *North American* neither analyzed nor commented on whether directors are impressed with the duties of a trustee. Further, the bankruptcy court's conclusion based on its understanding of *North American* case is premised upon faulty logic: just because directors owe fiduciary duties to shareholders while the corporation is solvent, and to creditors when the corporation is not solvent, does not mean that directors are trustees to anyone at any time, and this is not what *North American* held. Moreover, the court overlooked the fact that *North American* did not expand directors' duties. Rather, it ruled that creditors may not directly sue a debtor corporation for breach of fiduciary duty, but must instead, like shareholders when the corporation is solvent, sue

19

derivatively. For these reasons, the court's decision to rely on *North American* constitutes reversible error.

In sum, Delaware and California impose identical fiduciary duties on their corporate directors such that they should be treated identically under § 523(a)(4). Thus, pursuant to *Cantrell*, the bankruptcy court was compelled to determine that, like California corporate directors, Delaware directors are also not "fiduciaries" under § 523(a)(4). The court's ruling that Delaware directors have "trust-like" duties sufficient to hold them liable as "fiduciaries" under § 523(a)(4) is thus grounded in numerous errors and should be reversed.

      C.     The Bankruptcy Court Misconstrued *Lewis*, Which Did Not Adopt A "Substantially Similar" Test For § 523(A)(4) Purposes

The court's decision to create a "substantially similar" test based on its interpretation of *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182 (9th Cir. 1996) is fundamentally unsound for several reasons:

      *1.     Lewis Mirrored The Analysis In Ragsdale v. Haller*

First, in ruling that Arizona partners are "fiduciaries" to each other under § 523(a)(4), the *Lewis* court tailored its decision to closely mirror the Ninth Circuit's decision in *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986), which held that California partners are "fiduciaries" to each other under § 523(a)(4). Like *Ragsdale*, *Lewis* began by analyzing an Arizona partnership statute, and comparing the statute with the California partnership statute at issue in *Ragsdale*. *Lewis* at 1185-86. Because the two statutes were identical, and because *Ragsdale* held that the California statute did not impose an express trust relationship on California partners, *Lewis* concluded that it was precluded from holding that the Arizona statute imposed an express trust relationship on

Arizona partners. *Lewis* at 1185-86; *Lovell v. Stanifer (In re Stanifer)*, 236 B.R. 709, 715 (B.A.P. 9th Cir. 1999).

Next, *Lewis* noted that *Ragsdale* examined California case law holding that partners are trustees of the partnerships' assets. *Lewis* at 1186. *Lewis* then compared the language in the case law cited by *Ragsdale*, which imposes a heightened duty on California partners, with Arizona case law. *Lewis* at 1186. *Lewis* concluded that "Arizona law employs similar language in describing the duties owed between partners. ... [and] ... In light of this language, we hold that Arizona law imposes upon partners a fiduciary duty within the meaning of section 523(a)(4)." *Lewis* at 1186.

Thus, it is clear that, contrary to the bankruptcy court's assertions, *Lewis* was not seeking to establish a new "substantially similar" test under § 523(a)(4). Instead, *Lewis* was consistent with and mirrored *Ragsdale*'s analysis and decision.

Moreover, it is unlikely that *Lewis* sought to adopt a broader test under § 523(a)(4) in light of a few notable facts. First, given the United States Supreme Court's and the Ninth Circuit's historically narrow definition of the term "fiduciary" under § 523(a)(4), it is significant that *Lewis* does not state that it is officially departing from prior law by adopting a "substantially similar" test. Second, unlike the matter before this court, the *Lewis* case did not have to contend with or distinguish case law holding that partners are in fact, "technically not trustees." And third, since the time that *Lewis* was published, no other Ninth Circuit decision has applied a "substantially similar" test when analyzing § 523(a)(4).

In sum, the bankruptcy court's reliance on *Lewis* was both misplaced and grounded in a misinterpretation of that case. Accordingly, the bankruptcy court's

adoption of the "substantially similar" test, which was not used by Lewis or any other Ninth Circuit court, constitutes reversible error.

## VII. CONCLUSION

Ironically, despite the bankruptcy court's proscription against "sterile taxonomy," the court ignored the reality of a director's responsibilities and grounded its decision on cases which merely label directors as trustees without discussing their duties. In fact, the Delaware Supreme Court analyzed the duties of directors and found that directors are not trustees.

The history and congressional intent behind § 523(a)(4), and subsequent interpretation by the United States Supreme Court and the Ninth Circuit, make it clear that a discharge is to be denied only when the debtor possessed the property of another under specific trust duties. The bankruptcy court's approach denies discharge for debts of any kind incurred by Delaware directors, regardless of the nature of their duties. Accordingly, although Bonilla did not possess the Delaware Holding Company's assets and had no duty to manage the assets in trust, but incurred a liability due to a failure to observe general corporate duties, he is liable for the wrongful actions of Araneta. This is not the type of debt that Congress or the United States Supreme Court had in mind in framing and interpreting the fiduciary exception to discharge.

Based on the foregoing, Appellant Bonilla prays that this court reverse and remand the bankruptcy court's order and partial summary judgment.

DATED: May 7, 2008                           MACDONALD & ASSOCIATES

By: _____
Iain A. Macdonald, Attorneys for
Appellant, Hugo Nery Bonilla

22

1

MACDONALD & ASSOCIATES
IAIN A. MACDONALD (State Bar No. 051073)

2

HEATHER A. CUTLER (State Bar No. 217837)

3

Two Embarcadero Center, Suite 1670
San Francisco, CA  94111-3930

Telephone: (415) 362-0449

4

Facsimile: (415) 394-5544

5

Attorneys for Appellant,

6

HUGO NERY BONILLA

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

| 12 | In Re: | District Case No. CV 08-1062 SC |
|---|---|---|
| 13 | HUGO NERY BONILLA, | |
| 14 | Debtor. | |
| 15 | | Adv. Proc. No. 07-03079 |
| 16 | ATR-KIM ENG FINANCIAL CORPORATION AND ATR-KIM ENG CAPITAL PARTNERS, INC., | Bankruptcy Case No. 07-30309 |
| 17 | | Chapter 7 |
| 18 | Appellees, | CERTIFICATE OF SERVICE |
| 19 | vs. | |
| 20 | HUGO NERY BONILLA, | |
| 21 | Appellant. | |

22

        I, the undersigned, state that I am employed in the City and County of San Francisco, State of

23

California; that I am over the age of eighteen years and not a party to the within action; that my

24

business address is Two Embarcadero Center, Suite 1670, San Francisco, California, 94111-3930.

25

        On the date hereon, I served the foregoing document(s) described as:

26

APPELLANT'S OPENING BRIEF

27

APPELLANT'S EXCERPTS OF RECORD

28

1

on the following on this 7th day of May, 2008, at San Francisco, California:

William J. Lafferty, Esq.
Howard Rice Nemerovski Canady
 Falk & Rabkin, 7th Floor
Three Embarcadero Center
San Francisco, CA  94111-4024

X     **(By Personal Service)**  By causing a true copy if said document(s), enclosed in a sealed envelope and addressed below, to be hand delivered.

___     **(By First Class U.S. Mail)**  By causing a true copy if said document(s), enclosed in a sealed envelope addressed as below and with postage thereon fully prepared, to be placed in United States mail at San Francisco, California.

___     **(By Federal Express)** By causing a true copy if said document(s), enclosed in appropriate packaging and addressed as below and with delivery fee thereon fully prepaid, to be delivered to a Federal Express.

___     **(By Facsimile)**  By causing a true copy if said document(s),to be transmitted by facsimile copying machine to telephone numbers shown below, known by or represented to me to be the receiving telephone number for facsimile copy transmission of the parties/persons/ firms listed below.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court, at whose direction the service was made and that the foregoing is true and correct.

/s/ _____
Heather A. Cutler

CERTIFICATE OF SERVICE

2