CASE NUMBER 3:08-CV-1062-WHA

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

HUGO NERY BONILLA,

Appellant,

v.

ATR-KIM ENG FINANCIAL CORPORATION AND ATR-KIM ENG CAPITAL PARTNERS, INC.,

Appellee.

_____

On Appeal From
The United States Bankruptcy Court
For The Northern District of California
San Francisco Division
Adversary Proc. No. 07-3079

_____

**APPELLANT'S REPLY BRIEF**

Iain A. Macdonald
Heather A. Cutler
Reno F.R. Fernandez, III
Macdonald & Associates
221 Sansome Street
San Francisco, CA 94104
(415) 362-0449

1

TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   11 U.S.C. § 523(a)(4) IS NARROWLY CONSTRUED TO DEFINE
      "FIDUCIARY" AS A PERSON WHO IS THE TRUSTEE OF
      TRUST ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Ninth Circuit Authority Requires A § 523(a)(4) "Fiduciary"
            To Be A Trustee Of Trust Property Holding Company . . . . . . . . . . . . . . .2

      B.    ATR Mischaracterizes *Lewis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.    ATR Must Concede *Cantrell*'s Ruling That Corporate
            Directors Are Not Fiduciaries Under § 523(A)(4) Unless
            They Are Trustees Of The Corporate Assets. . . . . . . . . . . . . . . . . . . . . . . 4

      D.    ATR Misconstrues The Historical Purpose And Definition
            Of "Fiduciary" Under § 523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  DELAWARE LAW DOES NOT IMPOSE A TRUST
      RELATIONSHIP BETWEEN CORPORATE DIRECTORS AND
      SHAREHOLDERS AND DOES NOT MAKE DIRECTORS
      TRUSTEES OF CORPRATE ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    Under Delaware Law, Corporate Directors Are Not Trustees
            Of The Corporate Property. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B.    There Is A Vast Difference Between The Fiduciary Duties
            Imposed On Business Partners And Those Imposed On
            Delaware Directors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C     The Pertinent Delaware Authority On The Issue Of Whether
            Directors Are Trustees Is *Bovay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      D.    *Gheewalla* Is Not Relevant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      E.    *Caremark* Does Not Support The Bankruptcy Court's Ruling . . . . . . . . .11

      F.    Under Delaware Law, Corporate Assets Are Not Deemed To
            Be A Trust Res And Shareholders Are Not Deemed To Be Trust
            Beneficiaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

TABLE OF AUTHORITIES

Cases                                                                      Page(s)

*Bainbridge v. Stoner* (1940) 16 Cal.2d 423 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Bancroft-Whitney Co. v. Glen* (Cal. 1966) 64 Cal.2d 327. . . . . . . . . . . . . . . . . . . . . . . . . .9

*Beneficial Indus. Loan Corp. v. Smith*, 170 F.2d 44 (3d Cir. 1948) . . . . . . . . . . . . . . . . .10

*Bennett v. Bennett (In re Bennett)*, 989 F.2d 779 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . 6

*Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186 (9th Cir. 2001) . . . . . . . . . . . . . . . 2

*Bovay v. H.M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A.2d 808
(Del. 1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 10, 11, 13

*In re Boyle*, 819 F.2d 583 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119
(9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5, 7, 8, 9, 12

*Caremark, Int'l, Inc. Deriv. Litig.*, 698 A.2d 959 (Del. Ch. 1996) . . . . . . . . . . . . . . . . . .11

*Chapman v. Forsyth*, 43 U.S. 202, 11 L. Ed. 236 (1844) . . . . . . . . . . . . . . . . . . . . . . . . .6

*Decker v. Mitchell (In re JTS Corp.)*, 305 B.R. 529 (Bankr. N.D. Cal. 2003) . . . . . . . . . .5

*F.D.I.C. v. Sax (In re Sax)*, 106 B.R. 534 (Bankr. N.D. Ill. 1989) . . . . . . . . . . . . . . . . . .12

*Gotham Partners, L.P. v. Hallwood Realty Partners*, 817 A.2d 160 (Del. 2002) . . . . . . 10

*Lewis v. Scott (In re Lewis)*, 97 F.3d 1182 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . 3, 4, 8, 9

*Lovell v. Stanifer (In re Stanifer)*, 236 B.R. 709 (B.A.P. 9th Cir. 1999) . . . . . . . . . . . . . 12

*Miramar Resources, Inc. v. Arthur C. Shultz (In re Arthur Shultz)*, 208 B.R.
723 (Bankr. M.D. Fl. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miramar Resources, Inc. v. Zachary L. Shultz (In re Zachary Shultz)*, 205 B.R.
952 (Bankr. NM 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*North American Catholic Educational Programming Foundation, Inc.
v. Gheewalla*, 930 A.2d 92, 101-02 (Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Ragsdale v. Haller*, 780 F.2d 794 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

*Runnion v. Pedrazzini (In re Padrazzini)*, 644 F.2d 756 (9th Cir. 1981) . . . . . . . . . . . . . .3

*Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395 (9th Cir. 1985) . . . . . . . . . . . . . 3

I.     INTRODUCTION

ATR argues for an extension of the term "fiduciary" beyond clear authority that it is one who is a trustee of an express or technical trust with respect to specific trust assets. This extension is necessary to justify the bankruptcy court's broad application of § 523(a)(4) to anyone who holds "trust-like" duties, i.e., general fiduciary duties. Since the "fiduciary" exception to discharge came into existence more than 150 years ago, courts have consistently required the debtor to be a trustee with respect to specific property.

While ATR devotes much time to arguing that Ninth Circuit cases hold that a person may be a § 523(a)(4) fiduciary pursuant to state law, this claim is neither disputed by Bonilla, nor does it add any weight to ATR's main contention that "trust-like" duties suffice under § 523(a)(4).

Bonilla asks this court to enunciate and apply the rule that a § 523(a)(4) fiduciary must be a trustee with respect to specific trust property.

II.     11 U.S.C. § 523(a)(4) IS NARROWLY CONSTRUED TO DEFINE "FIDUCIARY" AS A PERSON WHO IS THE TRUSTEE OF TRUST ASSETS

ATR advances several arguments in support of its contention that a § 523(a)(4) "fiduciary" is broadly defined to include debtors who have "trust-like" duties (which are indistinguishable from general fiduciary duties). Appellee's Brief ("ATR's App. Br.") at 13-16. But ATR's arguments miss the point that, under § 523(a)(4), a "fiduciary" is a term of art long defined by precedent to mean a person who is trustee with respect to specific property.

A.  Ninth Circuit Authority Requires A § 523(a)(4) "Fiduciary" To Be A Trustee Of Trust Property

The several Ninth Circuit cases cited by ATR (ATR's App. Br. at 13-15) in fact all determined whether the debtor was a § 523(a)(4) fiduciary by analyzing whether the debtor was a trustee with respect to specific property:

- *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1189 (9th Cir. 2001) held that fiduciaries under the Employee Retirement Income Security Act of 1974 ("ERISA") are "fiduciaries" under § 523(a)(4) because ERISA gives fiduciaries discretionary authority or control over the assets of ERISA plans. Further, "the trust *res* is identified by the creation of the plan itself" and "ERISA also defines the fiduciary's fund management duties." *Hemmeter*, 242 F.3d 1186, 1190.

- *In re Teichman*, 774 F.2d 1395 (9th Cir. 1985) held that debtor ex-husband was not a "fiduciary" to his ex-wife pursuant to a marital settlement agreement because under that agreement, the "husband was never intended to hold money for the wife's benefit. Thus, no estate was conveyed to the husband as a trustee." *Teichman*, 774 F.2d 1395, 1399.

- *Ragsdale v. Haller (In re Ragsdale),* 780 F.2d 794, 796-97 (9th Cir. 1986) analyzed the duties of California business partners prior to holding that they are "fiduciaries" under § 523(a)(4). ATR's App. Br. at 14-15. But ATR ignored and failed to refute the fact that *Ragsdale*'s holding is grounded on the fact that under California law, partners are trustees of the partnership's assets. *Ragsdale*, 780 F.2d 794, 797 (concluding that "[i]f state law makes clear that a partner necessarily is a trustee over partnership assets for all purposes, then that partner is a fiduciary within the narrow meaning of § 523(a)(4)" and stating that the

2

>Bankruptcy Act was not intended "to grant discharges to those who have dishonestly misappropriated funds entrusted to them").

- *Runnion v. Pedrazzini (In re Padrazzini)*, 644 F.2d 756, 758 (9th Cir. 1981) held that California statutes do not create a true trust relationship between general contractors, subcontractors and owners because "[n]o *res* is defined and no fiduciary duties are spelled out." *Padrazzini*, 644 F.2d 756, 758-59. Thus, California general contractors are not § 523(a)(4) "fiduciaries."

B.      ATR Mischaracterizes *Lewis*

ATR mischaracterizes and misconstrues *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182 (9th Cir. 1996) by overemphasizing *Lewis*' analysis of whether an Arizona statute imposes a trust relationship between business partners, or whether the statute instead imposes a trust relationship *ex maleficio*, as the defendants in that case argued. *Lewis*, 97 F.3d 1182, 1185-86. *Lewis* noted that ten years earlier, *Ragsdale*, 780 F.2d 794, concluded that an identical California partnership statute imposed the trust relationship *ex maleficio*, and thus, the statute did not create the requisite trust relationship under § 523(a)(4). Lewis, 97 F.3d at 1185-86. Hence, *Lewis*, in accord with *Ragsdale*, held that the Arizona statute likewise did not create the requisite trust relationship required by § 523(a)(4). *Id*.

ATR is correct that *Lewis* analyzed the actual fiduciary duties imposed on partners under Arizona law, but ATR is wrong that *Lewis* only required that those duties be merely "similar" to those held by a trustee. ATR's App. Br. at 14. In fact, *Lewis*'s holding is premised in part on Arizona law imposing actual trust duties on partners with respect to the partnerships' assets, rather than just the broad fiduciary duties of loyalty,

3

care and good faith, which are imposed on all fiduciaries.  *Lewis*, at 1186, citing *Jerman v. O'Leary*, 145 Ariz. 397, 701 P.2d 1205, 1210 (Ariz. App. 1985) and *Carrasco v. Carrasco*, 4 Ariz. App. 580, 422 P.2d 411, 413 (Ariz. App. 1967).

      C.    <u>ATR Must Concede *Cantrell*'s Ruling That Corporate Directors Are Not Fiduciaries Under § 523(A)(4) Unless They Are Trustees Of The Corporate Assets</u>

By limiting its discussion to cases which mention the term "trust-like," but which, in the end, rely upon whether a true trust relationship exists with respect to trust property, ATR notably fails to mention the fact that *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119 (9th Cir. 2003) specifically ruled that under § 523(a)(4), a corporate director is not a "fiduciary" unless the director is a trustee with respect to the corporate assets.  *Cantrell*, 329 F.3d 1119, 1126-27.  ATR instead argues that *Cantrell* is distinguishable because the fiduciary duties imposed on California's directors are grounded in agency law.  But this is a difference without a distinction, because, regardless of the source of the trust relationship, be it agency law, trust law, or otherwise, the issue of whether a person is a § 523(a)(4) turns on whether the source makes that person a trustee with respect to trust property.  *Cantrell* did not focus on the source of the alleged trust relationship, and instead, focused exclusively on whether directors are trustees with respect to corporate assets.  *Id*.  This is evidenced by the fact that *Cantrell* noted that *Bainbridge v. Stoner*, 16 Cal.2d 423, 106 P.2d 423 (Cal. 1940) ruled that directors are not trustees even though at that time, directors were required to comply with prior California Civil Code § 2230, which imposes a duty of loyalty on trustees.  *Cantrell*, at 1126, n. 3.  This is because directors "are not trustees with respect to corporate assets."  *Cantrell*, at 1126.

4

ATR also argues that *Cantrell* is distinguishable because, unlike California law, some Delaware courts state that corporate assets are held in trust or quasi-trust and that directors can be trustees or quasi-trustees. ATR's Br. at 18-19. But ATR fails to refute the fact that *Cantrell* analyzed California case law using identical language regarding California corporate directors, yet refused to engage in this type of taxonomy by instead basing its decision on authority from the California Supreme Court that directors are "technically not trustees." *Cantrell*, at 1126-27. Moreover, ATR fails to address the fact that the Delaware Supreme Court, in *Bovay v. H. M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A.2d 808, 813 (Del. 1944), also ruled that corporate directors are "technically not trustees" (except in limited circumstances, such as when the directors have been engaged in wrongdoing, or when the corporation is insolvent). Further, ATR fails to distinguish case law analyzing the fiduciary duties imposed on Delaware's corporate directors and concluding that no trust relationship exists. *Decker v. Mitchell, (In re JTS Corp.)*, 305 B.R. 529, 536-40 (Bankr. N.D. Cal. 2003). Lastly, given that § 523(a)(4) suits are to be construed in the debtor's favor, it is clear that if there truly is a conflict among the Delaware courts as to whether directors are trustees with respect to the corporate assets, which is not the case, then the bankruptcy court should have construed the law in Bonilla's favor.

Lastly, ATR complains that just because *Cantrell* held that California directors are not trustees, and because some California cases state that some of the duties impressed on Delaware and California directors are similar, does not mean that Delaware directors are not trustees. ATR's Br. at 19, fn 16. But ATR's conclusion is unfounded because ATR has cited no support for its assertion that Delaware law is different from

5

California law pertaining to corporate directors' duties. In fact, California and Delaware impose the same general fiduciary duties of loyalty, care and good faith on their corporate directors, but neither makes directors trustees of corporate assets absent special circumstances.

  D. <u>ATR Misconstrues The Historical Purpose And Definition Of "Fiduciary" Under § 523(a)(4)</u>

ATR misconstrues the historical purpose and definition of the "fiduciary" exception to discharge. First, ATR's assertion that Congress' failure to clearly and narrowly define § 523(a)(4) fiduciaries as trustees of an express or technical trust ignores 150 years of case law, as ATR admits earlier in its brief. *Compare* ATR's App. Br. at 15 *with* ATR's App. Br. at 12 (citing *Chapman v. Forsyth*, 43 U.S. 202, 208 (1844)).

Next, ATR claims that what it refers to as "the Ninth Circuit's functional approach," i.e., that § 523(a)(4) fiduciaries include those who were impressed with "trust-like" duties under state law, "is the majority view." ATR's App. Br. at 15, citing *Bennett v. Bennett (In re Bennett)*, 989 F.2d 779, 784-85 (5th Cir. 1993). There are two problems with this assertion. First, ATR mischaracterizes Bonilla's argument, as Bonilla does not dispute ATR's claim that the requisite trust relationship may be imposed by state law. Second, ATR mischaracterizes Ninth Circuit law, which requires that regardless of the source of the trust relationship, a person is only a § 523(a)(4) fiduciary if that person is a trustee with respect to trust assets.

Lastly, ATR asserts that the legislative history cited by Bonilla, stating that the fiduciary exception to discharge is intended to apply to debtors who "willfully and maliciously intend[] to borrow property for a short period of time", relates to a prior version of § 523(a)(4). ATR's App. Br. at 12 fn. 8. But ATR is wrong that the

6

legislative purpose changed when Congress altered the language of § 523(a)(4), as explained in *In re Boyle*, 819 F.2d 583, 587-88 n.10 (5th Cir. 1987)(quoting the legislative history cited in Bonilla's Opening Appellate Brief at 12). ATR has failed to cite any authority to the contrary.

ATR places great emphasis on the facts recited in the Delaware Judgment regarding Bonilla's breaches of fiduciary duty. But the egregiousness of Bonilla's conduct is not what determines the application of § 523(a)(4). Nor does it justify extending the statute. For example, *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 90 (1998) confirmed that § 523(a)(6), which denies discharge of a debt incurred due to willful and malicious injury, only applies to intentional, but not negligent or reckless acts. Thus, the malpractice judgment debt of the debtor physician for negligence resulting in the amputation of the judgment creditor's leg was non-dischargeable under § 523(a)(6) because, despite the egregiousness of the debtor's negligence, the debtor did not intend the injury. *Kawaauhua v. Geiger*, 523 U.S. 57, 61-64. To hold otherwise would be contrary to bankruptcy policy and precedent limiting the compass of § 523(a)(6) to intentional torts. *Id*.

   III. <u>DELAWARE LAW DOES NOT IMPOSE A TRUST RELATIONSHIP BETWEEN CORPORATE DIRECTORS AND SHAREHOLDERS AND DOES NOT MAKE DIRECTORS TRUSTEES OF CORPRATE ASSETS</u>

As the party seeking to have Bonilla's debt deemed nondischargeable, and because *Cantrell* ruled that corporate directors are not "fiduciaries" under § 523(a)(4) unless they are trustees with respect to the corporate assets, ATR must establish that under Delaware law, unlike California law, directors are trustees of the corporate assets. But ATR has not overcome the precedent of *Cantrell*. And in fact, ATR's arguments

7

only serve to underscore Bonilla's argument that Delaware directors have the same broad fiduciary duties as all corporate directors.

    A.    <u>Under Delaware Law, Corporate Directors Are Not Trustees Of The Corporate Property</u>

Despite ATR's argument to the contrary, the fact that Delaware directors are charged with "an unyielding fiduciary duty to the corporation and its shareholders," which includes "the subsidiary duties of care, loyalty and good faith," only establishes that Delaware directors have general fiduciary duties. ATR's Br. at 16-17. In fact, *Cantrell* rejected this same argument by the moving party regarding the fiduciary duties of California's corporate directors. *Cantrell*, at 1126 (stating that "these cases merely specify that officers owe fiduciary duties in their capacity as agents of a corporation; they fail to hold that officers are trustees of a statutory trust with respect to corporate assets").

ATR makes much of the fact that some Delaware cases hold that directors' duties are derived from trust law. ATR's Br. at 17. But this is a distinction without a difference. *Infra* at 4-5.

Lastly, ATR argues that Delaware cases refer to directors as trustees and analogize directors' duties to those of trustees. ATR's Br. at 17. But as pointed out in *Cantrell*, so do numerous California cases. *Cantrell*, at 1126. Yet, this does not mean that directors are trustees with respect to the corporate assets. *Cantrell*, at 1126, n.4.

    B.    <u>There Is A Vast Difference Between The Fiduciary Duties Imposed On Business Partners And Those Imposed On Delaware Directors</u>

ATR asserts that "it is hard to imagine a meaningful difference in the duties imposed on business partners as found by *Lewis*, and those imposed on Delaware directors." ATR's Br. at p. 18. To the contrary, it is axiomatic that partners are trustees

8

while corporate directors are not. *Lewis* cited and relied upon case law acknowledging the fact that managing partners must account for the partnerships' assets and that partners are fiduciaries to each other with respect to the partnerships' property. *Lewis*, at 1186 (citing *Jerman v. O'Leary*, 145 Ariz. 397, 701 P.2d 1205, 1210 (Ariz. App. 1985); *Carrasco v. Carrasco*, 4 Ariz. App. 580, 422 P.2d 411, 413 (Ariz. App. 1967)). But the general, fiduciary duties of loyalty, care and good faith which are impressed upon corporate directors are not the same as the fiduciary duties of business partners, who, as co-owners of a business, have access to and trust responsibilities regarding the partnerships' assets. *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir. 1986); Cal. Corp. Code § 16404 (business partners are fiduciaries to each other, and each partner has a duty "to account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner."); *see also Cantrell*, at 1127 ("In contrast to partnership law, California corporate law simply does not provide the same trust relationship between corporate principals and the corporation.").

      C.    <u>The Pertinent Delaware Authority On The Issue Of Whether Directors Are Trustees Is *Bovay*</u>

ATR fails to distinguish the Delaware Supreme Court's holding in *Bovay v. H. M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A.2d 808, 813 (Del. 1944), that corporate directors are technically not trustees, from the California Supreme Court's identical holdings in *Bainbridge v. Stoner* (Cal. 1940) 16 Cal. 2d 423 and *Bancroft-Whitney Co. v. Glen* (Cal. 1966) 64 Cal.2d 327 with respect to California's corporate directors. Accordingly, because *Cantrell* ruled that California's directors are not § 523(a)(4) fiduciaries pursuant to *Bainbridge*, it follows that Delaware's directors are not § 523(a)(4) fiduciaries pursuant to *Bovay*. ATR has failed to advance any argument that defeats this clear logic.

9

Instead, ATR submits that this court should either ignore *Bovay*'s holding on the grounds that subsequent Delaware cases refer to directors as trustees, or alternatively, that this court should broadly construe *Bovay* to mean that the opposite of its holding. ATR's Br. at 19-21. These arguments do not warrant consideration:

First, the subsequent Delaware Supreme Court case cited by ATR, *Gotham Partners, L.P. v. Hallwood Realty Partners*, 817 A.2d 160, 168 (Del. 2002) and subsequent federal law interpreting Delaware corporate law, *Beneficial Indus. Loan Corp. v. Smith*, 170 F.2d 44, 57 (3d Cir. 1948), aff'd, 337 U.S. 541 (1949)(ATR's Br. at 20), may offhandedly refer to directors as trustees,[1] but neither decision states that directors are trustees with respect to corporate assets or describe any specific trust duties imposed on directors with respect to the assets. Moreover, neither decision mentions *Bovay*, or states that it is overruling *Bovay*, which remains good law.

Second, ATR's argument that *Bovay* should not be strictly and narrowly construed on the grounds that *Bovay* stated that its holding is to be "interpreted in light of the situations presented," ignores the end of the statement, that "as clearly, it was implied that [directors] should be treated as [trustees] when they have unlawfully profited through breach of duty, and at the expense of the corporation." *Bovay*, 38 A.2d 808, 813. Further, ATR's subpoint, that there is at least one instance in which directors actually are

---

[1] The *Beneficial Industrial Loan Corporation v. Smith*, 170 F.2d 44 case was a shareholders' derivative suit against defendants, corporate officers and directors, alleging mismanagement and fraud at the corporation's expense, and alleging breach of contract. The director-as-trustee reference in *Beneficial* was made in the context of whether plaintiffs may maintain their claim for breach of contract given the fact that the shareholders' right to prosecute a derivative action is not premised on a contract right, but instead, is premised upon their right to sue for breach of fiduciary duty. *Beneficial* at 57-58, citing pre-*Bovay* cases in support of its assertion that directors are trustees to shareholders: *Lofland v. Cahall*, 13 Del.Ch. 384, 118 A.1 (1922)(directors deemed trustees upon their wrongful actions at the corporation's expense)(see discussion in *Bovay*, 38 A.2d 808, 813) and *Bodell v. General Gas & Elec. Corp.*, 15 Del. Ch. 119, 132 A. 442 (1926)(holding that "directors are regarded as trustees in the matter of the disposal of unissued stock", but not discussing whether directors are generally impressed with trustee status with respect to the corporate assets).

trustees of the corporate assets (when they are responsible for disposing of unissued stock), does not mean that in general, directors are trustees with respect to the corporate assets. Moreover, the disposal of unissued stock is not implicated here.

  D.  *Gheewalla* Is Not Relevant

ATR claims that Bonilla misunderstood the bankruptcy court's reference to *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 101-02 (Del. 2007) to support its holding. ATR's Br. at 21-22. But ATR does not dispute that *Gheewalla* does not hold that directors are trustees to shareholders, or that *Gheewalla* is limited to the scope of directors' duties to creditors. Accordingly, the bankruptcy court was bound by *Bovay*, which specifically ruled that directors are not trustees.

  E.  *Caremark* Does Not Support The Bankruptcy Court's Ruling

ATR argues that the bankruptcy court correctly relied on *Caremark, Int'l, Inc. Deriv. Litig.*, 698 A.2d 959, 970 (Del. Ch. 1996). ATR's Br. at 23. But ATR cannot refute that far from imposing trustee duties, *Caremark* merely imposes "a duty to attempt in good faith to assure that a corporate information and reporting system, which the board concludes is adequate, exists …." *Caremark*, at 970.

  F.  Under Delaware Law, Corporate Assets Are Not Deemed To Be A Trust Res And Shareholders Are Not Deemed To Be Trust Beneficiaries

ATR is wrong that under Delaware law, the corporate assets are the trust *res* and the shareholders are the trust beneficiaries, and thus, that ATR was the beneficiary of the trust *res*. ATR Br. at pp. 23-24. Moreover, because Bonilla has consistently argued that Delaware corporate law does not create a trust relationship between directors and

11

shareholders to begin with, ATR's argument that Bonilla has waived the right to argue that a trust *res* does not exist, is misplaced and without merit.

ATR makes several other arguments in support of its position that Delaware law holds that corporate assets are held in trust by the directors for the benefit of the shareholders, none of which are supported. First, ATR claims that pursuant to *Lovell v. Stanifer (In re Stanifer)*, 236 B.R. 709, 715 (B.A.P. 9th Cir. 1999)(California spouses are "fiduciaries" to each other under § 523(a)(4)), a trust *res* is implied if common law imposes trust-type obligations on the debtor in order to give effect to § 523(a)(4). ATR's Br. at 23-24. But ATR may not circumvent *Cantrell*, which is direct authority, unlike *Stanifer*. Further, *Stanifer*'s statement is dicta, as the Panel ultimately ruled that under California law, spouses are trustees to each other with respect to the community property. *Stanifer*, 236 B.R. 709, 718-19. Accordingly, *Stanifer* itself did not imply any trust *res*, but instead, found direct authority for the premise that spouses are trustees to each other.

Second, ATR argues that pursuant to *Miramar Resources, Inc. v. Zachary L. Shultz (In re Zachary Shultz)*, 205 B.R. 952 (Bankr. N.M. 1997) and *F.D.I.C. v. Sax (In re Sax)*, 106 B.R. 534, 539 (Bankr. N.D. Ill. 1989), the assets of a Delaware corporation are a trust *res*. ATR's Br. at 24. But neither of these cases are binding on this court, and neither case accords with *Cantrell* because they did not focus on whether Delaware law makes corporate directors trustees with respect to the corporate assets. Moreover, ATR fails to acknowledge, much less dispute the fact that this is not a settled issue among the bankruptcy courts. *Miramar Resources, Inc. v. Arthur C. Shultz (In re Arthur Shultz)*, 208 B.R. 723, 728-29 (Bankr. M.D. Fl. 1997)(Delaware corporate law does not make corporate directors trustees).

Third, ATR circumvents *Bovay* by arguing that a trust *res* must have existed because ATR had an "indirect ownership in the corporate assets" and because ATR was a minority shareholder. ATR's Br. at 24. But Delaware law simply does not create a trust relationship between directors and shareholders, absent limited circumstances. Thus, there is no basis for ATR's assertion.

IV. <u>CONCLUSION</u>

*Cantrell*, the most pertinent authority on the issue before this court, is clear: regardless of whether an occasional state court case labels corporate directors as "quasi-trustees" or even "trustees", if law from that state's highest court states that directors are "technically not trustees," then directors are not trustees with respect to the corporate assets, and accordingly, are not § 523(a)(4) fiduciaries. And, because the Delaware Supreme Court, like the California Supreme Court, has ruled that directors are technically not trustees, then pursuant to *Cantrell*, Delaware corporate directors are not trustees with respect to the corporate assets, and are thus not § 523(a)(4) fiduciaries.

Moreover, ATR has failed to establish any other meaningful difference between the fiduciary duties imposed on directors under California and Delaware law that would justify a departure from *Cantrell*. Specifically, general fiduciary duties, such as the duties of honesty, loyalty, care or good faith, do not create a trust relationship. Thus, although Bonilla, as one of the directors of the Delaware Holding Company, breached his fiduciary duties to shareholder ATR, these are not the type of duties which implicate § 523(a)(4).

13

Based on the foregoing, the court must reverse the bankruptcy court's partial summary judgment.

DATED:  June 6, 2008                                    MACDONALD & ASSOCIATES


                                                        By:      /s/_____
                                                              Iain A. Macdonald, Attorneys for
                                                              Appellant, Hugo Nery Bonilla